UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2017
David J. Bradley, Clerk

| | | |
|---|---|---|
| GDH International, Inc., | § § § | |
| Appellant, | § § | |
| versus | § § | Civil Action H-15-1942 |
| Lowell T. Cage, | § § | |
| Appellee. | § § | |

## Opinion on Appeal

1. *Introduction.*

A bankruptcy trustee sued to recover a debtor's property that was stolen by a former manager who had transferred it to himself and then to a third party. The bankruptcy court initially held that the trustee could not recover the property because the subsequent transferee acted in good faith. This court concluded that it did not act in good faith. On remand, the bankruptcy court allowed the trustee to recover. Its judgment will be affirmed.

2. *Background.*

Richard A. Sharp, III, and a business partner formed Seiran Exploration and Production, LLC, in May of 2010. Sharp managed the company, a fishing camp. Four months later, Seiran bought land in Plaquemines Parish, Louisiana.

In November of 2010, Sharp and his partner assigned their interests in Seiran to Great Gulfcan Energy, Inc. Sharp continued to manage it as an employee of Gulfcan. In May of 2011, Sharp resigned from Gulfcan.

Sharp, acting as Seiran, had transferred the Louisiana land to himself by gift deed. In August, he became a shareholder and corporate officer at GDH International, Inc., an unrelated company. GDH forced him to resign in October for defalcation.

Sharp stole from Seiran, Gulfcan, and GDH. They sued him – Seiran in Texas and GDH in Louisiana. The Texas court restrained Sharp from transferring property stolen from Seiran.

In December of 2011, Seiran petitioned for bankruptcy.

In January, Sharp settled with GDH and transferred the Louisiana land to it as part of the settlement. GDH had searched the land's title and said that it did not find the title questionable; it showed Sharp as the owner. The Louisiana court entered judgment, transferring the land to GDH.

3.  *Posture.*

Seiran's trustee filed an adversary to recover title to the land. The bankruptcy court held that the trustee could not avoid the transfer because GDH (a) gave value for the property, (b) took the property in good faith, and (c) did not know the transfer was voidable. It ruled in favor of GDH.

The trustee appealed. This court held that GDH did not take the land in good faith because it knew that Sharp (a) had transferred the land to himself by gift deed while working at Seiran, (b) later stole from a company that he had worked for, and (c) transferred the land to GDH as reimbursement for the assets he purloined from them. GDH should have questioned Sharp's title to the land. The court vacated the bankruptcy court's judgment and remanded. GDH did not appeal.

On remand, GDH moved for leave to file a renewed motion for judgment, saying that it would attach new evidence showing that it took the property in good faith. The bankruptcy court denied leave because it said it was bound by this court's opinion to enter judgment in favor of Seiran for the value of the land.

GDH appeals.

4.  *Good Faith.*

The trustee may avoid the transfer and recover the property if within two years before the date of the bankruptcy petition Seiran had transferred it to Sharp to avoid its creditors.[1] GDH may prevent that recovery if it took the property (a) for value, (b) in good faith, and (c) without knowledge of the trustee's ability to recover it.[2]

The bankruptcy court concluded – and GDH did not challenge – that Seiran had fraudulently transferred the land to Sharp to avoid its creditors less than two years before it petitioned for bankruptcy. This court ruled that GDH did not take the land in good faith. The bankruptcy court entered judgment in Seiran's favor for the value of the land.

---

[1] 11 U.S.C. § 548(a)(1)(A).

[2] 11 U.S.C. § 550(b)(1).

GDH says that on remand it should have been allowed to produce evidence that Serian deliberately hid the Texas court's injunction from innocent third parties – like GDH. In essence, GDH seeks to establish its good faith by saying it was hoodwinked by Seiran into taking the property from Sharp.

GDH had to present evidence of its good faith in its initial motion for judgment in the bankruptcy court. This court relied on that record in deciding that it did not act in good faith. The bankruptcy court could not have reopened the record to allow evidence on a claim decided by this court.

5. Conclusion.

The bankruptcy court could not have reversed this court's holding that GDH did not take the land in good faith. It properly denied GDH's motion to discover or argue about facts that bore only on that issue. It concluded that the trustee met the conditions to recover the property. Its judgment is affirmed.

Signed on April 18, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge